168 F.Supp. 804 (1958)
The EMERSON ELECTRIC MANUFACTURING COMPANY, a corporation, Plaintiff,
v.
E. L. O'NEILL and W. R. Persons, Defendants.
No. 58 C 307(2).
United States District Court E. D. Missouri, E. D.
November 10, 1958.
Marion S. Francis (of Bryan, Cave, McPheeters & McRoberts), St. Louis, Mo., for plaintiff.
Arthur B. Shepley, Jr. (of Shepley, Kroeger, Fisse & Shepley), St. Louis, Mo., for defendants.
HARPER, District Judge.
Plaintiff is seeking recovery of profits made by defendants on purchases and sales of plaintiff's common stock. Defendants are officers of the plaintiff corporation, and this action is brought under the Securities Exchange Act, Section 16(b), 15 U.S.C.A. § 78p(b), which provides as follows:
"(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) within any *805 period of less than six months, unless such security was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period exceeding six months. Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."
The parties have stipulated as to the facts of the case, except as to the question of the good faith of the defendants in relying upon a rule of the Securities and Exchange Commission (Rule X-16B-3). The stock in question was acquired by defendants through the exercise of a restricted stock option.
Pursuant to the authority granted by the last sentence of Section 16(b), supra, the Commission promulgated Rule X-16B-3 which exempts from the operation of Section 16(b) stock acquired by the exercise of a restricted stock option which complies with requirements established in Rule X-16B-3. The restricted stock option plan adopted by plaintiff, and under which defendants obtained their stock, complies with the requirements of Rule X-16B-3.
Plaintiff contends that Rule X-16B-3 is invalid, and that defendants could not in good faith rely upon the validity of that rule so as to be protected by Subsection 23(a) of the Securities Exchange Act, 15 U.S.C.A. § 78w(a). Plaintiff also raises an issue as to the proper method of computing the profits recoverable by it.
Subsection 23(a), supra, provides that:
"* * * No provision of this chapter imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule or regulation of the Commission or the Board of Governors of the Federal Reserve System, notwithstanding that such rule or regulation may, after such act or omission, be amended or rescinded or be determined by judicial or other authority to be invalid for any reason."
This subsection makes unnecessary a determination of the validity of Rule X-16B-3, for even if that rule is invalid, defendants are relieved from liability by their good faith conformity with the rule. As shown by the stipulated facts and the testimony received at the trial, defendants only completed their stock transactions after advice from reputable counsel that the stock option plan adopted by plaintiff fulfilled the requirements of Rule X-16B-3.
Plaintiff contends that defendants could not in good faith rely on Rule X-16B-3. The basis for this contention is the maxim that "ignorance of the law excuses no one." The law of which defendants were ignorant is dictum in a decision of the United States Court of Appeals, Second Circuit, in Greene v. Dietz, 2 Cir., 247 F.2d 689, to the effect that the court had doubts about the validity of Rule X-16B-3. The court warned that reliance upon Rule X-16B-3 would be "ill-advised". Plaintiff urges that defendants' presumed knowledge of this decision prevents their reliance on *806 the validity of Rule X-16B-3 from being in good faith.
The presumption of knowledge of the law is not applicable to a determination of good or bad faith. 31 C.J.S. Evidence § 132, p. 760. This rule was also expressed in Vesper v. Ashton, 233 Mo.App. 204, 118 S.W.2d 84, loc. cit. 89:
"Good faith is a question of fact and the legal presumption as to knowledge of the law has no place in determining the question."
Since defendants' good faith conformity to the Commissioner's rule relieves them from liability to plaintiff, it is not necessary to determine the correct method of computing profits in actions of this type.
The stipulation and this memorandum opinion will serve as the findings of fact and conclusions of law. Attorneys for the defendants will prepare the proper judgment to be entered by the court and submit same to the court for entry.